**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

**PEDRO HERNANDEZ,**                                   Civil Action # _____

        **Plaintiff,**                              Judge _____

vs.

**COUNTY OF VAN BUREN by its**
**BOARD OF COUNTY COMMISSIONERS;**
**TREASURER, TRISHA NESBITT in her official capacity**
**as Van Buren County Treasurer,**
**CHARLES H. DOTSON, an individual,**

        **Defendants.**
_____/
**DARMAR Law**
**BY: Donald Alan Rump (P39112)**
**P.O. Box 7943**
**Bloomfield Hills, MI 48302**
**D.a.rump@DARMARLaw.com**
_____/

**COMPLAINT**
**AND JURY DEMAND**

    **NOW COMES** Plaintiff Pedro Hernandez, by and through his counsel, Donald Alan Rump, and for his Complaint says unto this Honorable Court as follows:

**JRISDICTION, VENUE and PARTIES**

1. This is a civil action brought pursuant to 42 USC 1983 and 28 USC 1331, seeking unpaid "just compensation", declaratory relief, injunctive relief and monetary damages against Defendants for violations of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Michigan Constitution and statutes.

2. The jurisdiction of this court is invoked pursuant to 28 USC 1331 and 1343; Jurisdiction for declaratory relief is also sought premised on 28 USC 2201 and 2202, and 28 USC 1367 which authorizes supplemental state law claims.

3. Venue lies in the Western District of Michigan, pursuant to 28 USC 1391(b).

4. Plaintiff is a citizen of the United Sates and a resident of the City of Bangor within the Western District of Michigan.

5. Defendant, County of Van Buren ("County") is a legal entity formed and/or existing under the laws of the State of Michigan and is controlled or operated by its duly designated Board of Commissioners.

6. Defendant Trisha Nesbitt, Treasurer ("Treasurer"), is and at all times relevant hereto was a public official duly elected and serving as treasurer for Van Buren County and is being sued in her official capacity.

7. Defendant, Charles H. Dotson (Dotson), was the purchaser at the foreclosure auction of the subject property.

## STATEMENT OF CLAIM

8. Plaintiff is the owner of 61441 and 61443 CR 380, Bangor Michigan, "the subject property" (Ex 1).

9. On September 28, 2017, Plaintiff on information and belief owed 2016 ad valorem taxes on the subject property in the amount of $3,431.03 (three thousand four hundred and thirty-one dollars and 03 cents).

10. On September 28, 2017, Plaintiff came to the Van Buren County treasurer's office to make the required payment.

11. Plaintiff's native language is Spanish which is clearly apparent in his verbal communication.

12. While attempting to make the payment Plaintiff told the representative of the treasurer's office that he did not understand the advice given.

13. The representative of the treasurer's office told him he should go back to his own *expletive*country if he did not understand.

14. On September 28, 2017 Plaintiff paid to the treasurer's office by check #1020 the sum of $3,431.03 (three thousand four hundred and thirty-one dollars and 03 cents), representing all of the past due 2016 taxes, as claimed by the treasurer's office. (Ex 2)

15. The check #1020 makes apparent the language and communication difficulty for the Plaintiff. (Ex 2)

16. Check #1020 reads " Tree Tousand Fourd hundred an toti one" (Ex 2)

17. The check was in full payment of the amount of delinquent taxes, as represented by the treasurer's office.

18. Plaintiff confirmed with his bank that the check was never presented/negotiated by the treasurer.

19. Plaintiff on information and belief alleges that the check (Ex 2) was not presented/negotiated because of the discriminatory behavior of the treasurer's office based on Plaintiff's race and/or national origin.

20. On or before October 29, 2018 Plaintiff again became aware of a delinquent tax amount on his property.

21. Plaintiff again went to the treasurer's office that was already informed and aware of his inability to understand the advice given and requested the amount needed to pay the 2016 taxes and prevent his property from going to tax sale.

22. Defendant treasurer's office told Plaintiff the 2016 tax delinquency amount was $4,000.00 (four thousand dollars).

23. A representative of the Treasurer's office which had knowledge of the fact that Plaintiff did not understand drafted the check on Plaintiff's behalf in the amount of $4,000.00 (four thousand dollars). (Ex 3)

24. At the time a representative of the Treasurer's office drafted the check it appeared as if it was a reasonable accord based on the situation and in compliance the Michigan General Property Tax Act, Public Act 206 of !983.

25. A comparison of check #1020 (Ex. 2), and Check # 1796 (Ex. 3) clearly establishes Ex 3 was not drafted by the Plaintiff.

26. On information and belief Plaintiff now states that the treasurer's office that already established its previous prejudice to the Plaintiff's race and/or national origin, drafted Check #1796 Ex 3 intentionally for the wrong amount in furtherance of that prejudice.

27. Plaintiff through prejudice was subjected to the taking of $4,000.00 (four thousand dollars) yet the Treasurer foreclosed the $345.00 (three hundred and forty-five dollar) amount still due, taking his property.

28. Plaintiff having come in for the second time believed the taxes were fully paid to avoid foreclosure.

29. The tax actually due on October 29, 2019, was $4,019.40 (four thousand nineteen dollars and forty cents) and the representative failed to inform Plaintiff that there was and Admin

Fee of $120 .60 (one hundred twenty dollars and sixty cents), and PA 123 Fees of $305.00 (three hundred five dollars) also due that would be foreclosed. (Ex 4)

30. The Defendant Treasurer's office negotiated the Plaintiff's check in the amount of $4,000.00 (four thousand dollars).

31. According to the records of the treasurer's office a delinquency remained of $345.00 (three hundred forty-five dollars) (Ex 4).

32. Plaintiff could have paid to the treasurer the additional $345.00 had he known he needed to pay it.

33. Although Plaintiff came to the treasurer's office and paid the amount requested for delinquent taxes on two occasions Plaintiff's property was foreclosed.

34. The property was auctioned on August 30, 2019 and sold for the bid amount of $110,250.00 (one hundred and ten thousand two hundred and fifty dollars) (Ex 5).

35. Treasurer conveyed to Charles A. Dotson, the successful bidder, by quit claim deed. (Ex 6).

36. Defendant Trisha Nesbitt, as county treasurer and on behalf of the County of Van Buren has retained the amount in excess of the tax debt and has no process, plan or legal mechanism for Plaintiff to request and/or return the amount in excess of the tax delinquency.

37. No refund of the amount in excess of the tax debt was provided by Defendants County or Treasurer.

38. No direct condemnation action or process was initiated for the amounts above the total tax delinquency.

## COUNT I
## TAKING PURSUANT TO THE FIFTH AND
## FOURTEENTH AMENDMENTS
## 42 USC SECTION 1983
## (Against Defendants County and Treasurer)

39. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

40. This claim is being made against Defendants County and Treasurer pursuant to 42 USC 1983.

41. The Fifth Amendment made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Defendants (See Knick v Twp. of Scott, 588 US _____ (2019) .

42. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property in the form of monies beyond the amount of the unpaid taxes and administrative expenses, costs and interest owed, without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

43. Defendants County and Treasurer by refusing payment of just compensation have deprived Plaintiff of his constitutional right to just compensation in violation of the Fifth and Fourteenth Amendment to the United States Constitution.

44. The actions described herein are part of a voluntary policy, custom and/or practice of County and Treasurer sufficient to impose damages and other relief pursuant to Monell v New York City Department of Social Services 436 US 658 (1978) and its progeny.

45. The County and Treasurer are liable pursuant to the <u>Monell</u> standard as flowing from the execution of the municipality's policy or custom pursuant to one or more of the four recognized methodologies, <u>see Thomas v City of Chattanooga</u>, 398 F3d 426, 429 (CA 6, 2005).

46. Specifically, the Board of Commissioners of Van Buren County made the affirmative voluntary decision to select and designate its county treasurer, rather than the State of Michigan, to act as the Foreclosing Governmental Unit, making the actions herein described as ones undertaken pursuant to and official county policy for purposes of <u>Monell</u>.

47. Plaintiff has suffered damages which this Court can remedy by an order and/or judgement for an award of damages.

## **COUNT II**
## **TAKING PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENT VIOLATION "ARISING DIRECTLY" UNDER THE FIFTH AMENDMENT**
## **(Against Defendants County and Treasurer)**

48. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

49. This claim is being made against Defendants County and Treasurer directly.

50. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a self-executing constitutional provision requiring the payment of just compensation upon the takings undertaken by Defendants County and Treasurer.

51. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without the

payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

52. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

53. Defendants County and Treasurer have not paid just compensation.

54. Defendants will not now pay just compensation.

55. Plaintiff has suffered damages which this Court can remedy by an order and/or judgement for an award of damages.

### COUNT III
### STATE LAW- INVERSE CONDEMNATION
### (Against Defendants County and Treasurer)

56. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

57. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without the payment of just compensation.

58. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without using any

direct condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, MCL 213.51 et seq.

59. Defendants County and Treasurer have not paid just compensation.

60. Defendants will not now pay just compensation.

61. Plaintiff has suffered damages which this Court can remedy by an order and/or judgement for an award of damages.

## COUNT IV
## STATE LAW- VIOLATION OF MICHIGAN CONSTITUTION ART 10, SEC 2
### (Against Defendants County and Treasurer)

62. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

63. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without the payment of just compensation.

64. Defendants County and Treasurer have taken Plaintiff's constitutionally protected property and monies beyond the amount of unpaid taxes and administrative expenses, costs and interest owed, and taken the amount in excess of the tax debt without using any direct condemnation processes, including those outlined under the uniform condemnation Procedures act, MCL 213.51 et seq. and was done so in violation of Article 10, Section 2 of the Michigan Constitution.

65. Defendants County and Treasurer have not provided Plaintiff a process to claim compensation or any opportunity to claim damages from the Plaintiff's seizure of Plaintiff's property.

66. Defendants County and Treasurer have not paid just compensation.

67. Defendants will not now pay just compensation.

68. Plaintiff has suffered damages which this Court can remedy by an order and/or judgement for an award of damages.

### COUNT V
### EXCESSIVE FINE- PURSUANT TO EIGTH AMENDMENT 42 USC1983
### (Against Defendants County and Treasurer)

69. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

70. This count is pled to the extent that the Defendants County and Treasurer argue or assert that Plaintiff "forfeited" or (as it is sometimes falsely described) relinquished property pursuant to the General Property Tax Act 206 of 1983.

71. The Eight Amendment to the United States Constitution is part of the Bill of Rights prohibiting the government from imposing excessive fines, which the US Supreme Court has applied to actions involving forfeiture.

72. By imposing and retaining an excessive fine in the form of a forfeiture of the amount taken in excess of the tax debt, Plaintiff's Eighth Amendment Rights have been violated.

73. Defendants County and Treasurer keeping the amount of money in excess of the tax delinquency (which already includes interest, fees and costs) is excessive and punitive not remedial.

74. The actions described herein are part of a voluntary policy, custom and/or practice of County and Treasurer sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny.

75. The County and Treasurer are liable pursuant to the *Monell* standard as flowing from the execution of the municipality's policy or custom pursuant to one or more of the four recognized methodologies, see *Thomas v City of Chattanooga*, 398 F3d 426, 429 (CA 6, 2005).

76. The conduct of the Defendants County and Treasurer was reckless and undertaken with complete indifference to Plaintiff's federal right to be free from violations of the Eight Amendment to the United States Constitution.

77. Said actions violate the Eight Amendment to the United States Constitution and is remedied by a money judgment against Defendants pursuant to 42 USC Section 1983 and Section 1988.

78. Plaintiff has suffered damages which this Court can remedy by an order and/or judgement for an award of damages.

## COUNT VI
## 42 USC 1983
## (Against all Defendants)

79. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

80. Defendants County and Treasurer through the actions described above deprived Plaintiff of his property based on his race and/or national origin.

81. Defendant Treasurer prejudice and unequal treatment of the Plaintiff under color of law deprived Plaintiff of his constitutional rights.

82. Plaintiff was damaged by the unlawful taking of the subject property.

83. The foreclosure of the subject property should be set aside.

84. The deed to Defendant Dotson should be extinguished.

## COUNT VII
## DECLARATORY JUDGMENTPURSUANT TO
## 28 USC 2201 AND FEDERAL RULES OF CIVIL PROCEDURE 57
### (Against all Defendants)

85. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

86. This count is pled against all Defendants requesting this court to determine by declaration the rights of all of the parties herein.

87. Plaintiff is the rightful owner of the subject property having paid the amount he understood was determined by the Van Buren County Treasurer's office on two separate occasions.

88. Van Buren County Treasurer was the Foreclosing Governmental Unit (FGU) and was aware the Plaintiff lacked the ability to understand the advice given as to the amount due.

89. The FGU failed to notify the department of human services or provide Plaintiff with the names and telephone numbers of the agencies that may have been able to assist Plaintiff as required by MCL 211.78i (3) (c).

90. Plaintiff was not provided the above statutory requisite and/or his fundamental right to notice before losing his property.

91. Defendant Treasurer failed to take any additional reasonable steps to insure that Plaintiff received notice as required in *Jones v Flowers* 547 US 220 (2006).

92. Plaintiff lost his family's blueberry farm which is unique and monetary damages are insufficient for the injuries he sustained, is sustaining or will sustain as a result of the events described herein.

93. There is no measure of just compensation for the family blueberry farm which is unique.

94. The foreclosure of the subject property should be set aside.

95. The deed to Defendant Dotson should be extinguished (Ex 6).

### COUNT VIII
### QUIET TITLE PURSUANT TO MCL 600.2932
### (Against Defendant Dotson)

96. Plaintiff realleges and incorporates by reference the preceding paragraphs of this complaint as though more fully set forth herein.

97. Plaintiff is in possession of the subject property.

98. Defendant Dotson is not a stranger to the facts in this case.

99. Defendant Dotson was informed by Plaintiff of the allegations herein and therefore on notice of the specious title.

100. Defendant Dotson was part of a meeting with the Treasurer and Plaintiff regarding the allegations herein before the auction or conveyance to Defendant Dotson.

101. Plaintiff has a right to title and/or equitable title to the subject property superior to Defendant Dotson.

102. The wrongful foreclosure of the subject property should be set aside.

103. The deed to Defendant Dotson should be extinguished (Ex 6).

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

a. Enter an order declaring the conduct of Defendants County and Treasurer as being unconstitutional under federal and state constitutions, even if being undertaken consistent with the General Property Tax Act;
b. Enter an order for damages and/or compensation under any and all legal theories raised in an amount taken in excess of the tax debt against Defendants County and Treasurer;
c. Enter an order of additional for damages and/or compensation to reach an amount equal to 125% of the property's fair market value if deemed by this court that private property consisting of an individual's principal residence was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;
d. Enter an order for an award of interest as provided for in *Knick v Twp of Scott*;
e. Enter an order for an award of nominal and punitive damages awardable under federal law if applicable;
f. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to all applicable laws, rules, or statutes;
g. Enter an Order that estops the County from asserting any transferable ownership in the property based on foreclosing the amount left unpaid after the Treasurer/County Agent filled in the check for the amount of $4,000.00 when Plaintiff appeared and requested the help to pay his taxes to avoid foreclosure.
h. Enter an Order that estops the County from asserting any transferable ownership in the property based on the County/Treasurer's failure to include a resource for property owners when English is not their first language.
i. Enter an order setting aside the foreclosure auction, allowing Plaintiff to pay any taxes still due and owing, and extinguishing the deed issued by the treasurer to the Defendant Charles H. Dotson;
j. Defendant Dotson should release all claims to the subject property pursuant to MCL 600.2932 (3) and
k. Enter an order for all such other relief the court deems equitable.

Enter an Order that estops the County from asserting any transferable ownership in the property based on the County/Treasurer's failure to include a resource for property owners when English is not their first language.

## JURY DEMAND

104. FOR ALL TRIABLE ISSUES THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

                                        Respectfully Submitted,

October 18, 2019                          /s/ Donald Alan Rump
                                        DARMAR Law
                                        By: Donald Alan Rump(P39112)
                                        Attorney for Plaintiff
                                        P.O. Box 7943
                                        Bloomfield Hills, MI 48302
                                        (248) 910-0045
                                        D.a.rump@DARMARLaw.com